# UNITED STATES DISTRICT COURT

# Eastern [redacted] DISTRICT OF WASHINGTON

Lyndale Galloway 888278
(Name of Plaintiff)

vs.

Ron Haynes, Robert Beal, Steven
Sinclair, Scott Russell, Sloan,
G. Robbins, Mike Obenland

(Names of Defendant(s))

CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983

Case No.: 2:16-CV-353-JLQ

**I. Previous Lawsuits:**

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner?:

☐ Yes ☒ No

B. If your answer to A is yes, how many?:__________. Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff:____________________

Defendants:____________________

RECEIVED
Oct 06, 2016
CLERK, U.S. DISTRICT COURT

2. Court (give name of District): ____________________

3. Docket Number: ____________________

4. Name of judge to whom case was assigned: ____________________

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?):

____________________

6. Approximate date of filing lawsuit: ____________________

7. Approximate date of disposition: ____________________

**II. Place of Present Confinement:** ____________________

A. Is there a prisoner grievance procedure available at this institution? ☒ Yes ☐ No

B. Have you filed any grievances concerning the *facts* relating to this complaint? ☒ Yes ☐ No

If your answer is NO, explain why not:

____________________

____________________

C. Is the grievance process completed? ☒ Yes ☐ No

**If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

**III. Parties to this Complaint**

A. Name of Plaintiff: Kelly Galloway Inmate No.: ____________

Address: 1564 Dahlia Ln #40-302, Tumwater, WA 98512

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant: Ron Haynes Official Position: Superintendent

Place of employment: Clallam Bay Correction Center, Dept of Corrections

C. Additional Defendants (NOTE: These Defendants must be listed in the caption of the Complaint.): Robert Beal - Visit Sgt - Washington State Penitentiary (WSP)
Stephen Sinclair - Assistant Secretary - Dept of Corrections HQ Olympia WA. Scott Russell - Deputy Director - HQ Olympia, WA (D.O.C)
. [illegible] - Corrections Program Manager - Washington Correction Center
G. Robbins - Visit Sgt - Washington Correction Center
Mike Obenland - Superintendent - Monroe Correction Complex

**IV Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

In 2014 it was investigated that Kelly Long and myself, Lyndale Galloway, engaged in inappropriate communications while she worked at Clallam Bay Correction Center, the prison where I was housed. On 3-14-2014 Mike Obenland, the active superintendent at the time, despite my statement admitting communications with Ms. Long, after the PREA investigation was completed he made an unfounded finding on all allegations. (Please refer to Exhibit "A") Kelly Long then quit her job to pursue a relationship with myself, around 12-10-2013. I was transferred to Washington Correction Center in Dec. of 2014, where she then applied for visitation privileges and was approved around January 2014. She was removed the same month, deemed a "Security threat" because of her previous employment with the

Dept of Corrections. I was released in June 2014, where I pursued my relationship with Ms. Long. We eventually moved in together with our children, my step-kids, and got married on 4-15-2015. She was then Mrs. Galloway. My poor choice of actions caused me to re-enter the Dept of Corrections around July 2015. My wife then again applied for visitation priveleges, which was denied for "security reasons" by G. Robbins at Washington Correction Center. I then sent an appeal to "CPM" Sklain for the denial based on the unfounded allegations of my wife being a "security threat". Also wrote a grievance regarding the DOCs treatment of my wife and myself because of her previous employment by D.O.C. (See Exibit "B1","B2") My appeal was denied on 7-20-2015. I was then shipped to Washington State Penitentiary where per D.O.C. policy, my wife and I, were allowed to reapply for visitation priveleges. Which we did, and got approved. I recieved my first contact visit from my wife around August, and many electronic J-pay visits through-out and up until around Sept. 15, 2015. (See Exibit "C1") She was then again removed from my visitation list with no explaination, by Robert Beal-Visiting Rm Sgt. I grieved the action while my wife and I both appealed it. (See Exibit "C2") I immediately filed for public disclosure of the investigation findings stemming from the 2014 PREA investigation. (See Exibit "D1"

At that time the PREA (Prison Rape Elimination Act) investigation from 2014 was re-opened, (Reason [redacted]") quoted," was my wife's appeal letter" to Steven Sinclair, Asst Secretary on the denial of her visitation priveleges. No new information was gained from this letter that wasn't already provided by my cooperation in the past investigation in 2014. (Please check, public disclosure was taken away from me by facility because of "Security reasons".) Then almost 4 months later the investigative findings of the 2015 re-vamped investigation came back with a substantiated finding of "Inappropriate communication" on 3-18-2016 by Ron Haynes. (see Exibit "E1") I then publically disclosed the information of the newly conducted PREA investigation of 2015-2016 stemming from the initial one in 2014. (see Exibit "E2") Then on May 20th 2016, I recieved the final appeal decision from Steven Sinclair and Scott Russell, Deputy Director of Prisons, to deny my wife's visitation privelages for atleast 2 years from the time the allegation was substantiated. (see Exibit E1) The 2 year restriction is outside of the PREA guidelines for sanctions according to new revised policy. (see Exibit "G1").

My procedural due process rights are being violated under the Fifth and Fourteenth Amendment by

unduely denying me the liberty of being able to visit my wife like every other inmate. I am being singled out for arbitrary and irrational treatment because of my relationship with a prior Dept of Correction employee, which is a violation of equal protection clause. Also my 1st Amend. right to free association is being violated.

V. **Relief**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I am seeking punitive and injunctive relief. For punitive relief, I seek $5,000 from each defendant for a total amount of $35,000. And for injunctive relief, I seek defendants to provide all constitutional spousal rights to which I am entitled by placing my wife, Kelly Galloway on my approved visitation list.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21st day of September, 2016.

(Signature of Plaintiff)

Exibit "A"

Department of Corrections WASHINGTON STATE

# INVESTIGATIVE FINDING SHEET

Date: 3/4/14

Appointing Authority: Mike Obenland

Attached you will find the investigative report for case number: 14-7342

Regarding(names):
Offender: Galloway, Lyndale #888278
Staff Member: Long, Kelly

Please review this report and once you have determined findings, please indicate below, sign this form, and return via e-mail (scan) to the PREA Coordinator.

| ALLEGATION | FINDING (SUBSTANTIATED, UNSUBSTANTIATED, UNFOUNDED) |
|---|---|
| **It is alleged Office Assistant 3 Kelly Long has been having inappropriate communications with Offender Galloway, Lyndale, DOC 888278 since December 12, 2013.** | **Unfounded** |
| | |
| | |
| | |
| | |

**PREA INVESTIGATIONS ONLY:**

**Final Notification:**
The identified victim(s) was notified either in person or U.S. mail (for offenders who have been release or transferred) of the findings of this investigation:

Date Notification Made: 3/4/14 ☐ In Person X Via US Mail

☐ No Victim Identified

**Female Offender Victims Only:**
If the victim qualifies for victim advocacy services per policy, a victim advocate was offered to the offender during the final notification meeting:

☐ Advocate Offered ☐ Not Eligible for Advocate ☐ Advocate Declined by Offender

[signature]
Appointing Authority Signature

3-4-14
Date

***The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.***

Exhibit "B1"

Department of Corrections
WASHINGTON STATE

# OFFENDER'S KITE
# *PAPELETA DE PETICIÓN DEL INTERNO*

| OFFENDER NAME (PRINT) *NOMBRE DEL INTERNO (LETRA DE MOLDE)* | | |
| --- | --- | --- |
| Lunsford Galloway | | |
| DOC NUMBER/*NÚMERO DOC* | FACILITY, UNIT, CELL/FACILITY IS INSTALACIÓN*UNIDAD, CELDA* | DATE/*FECHA* |
| 888278 | LRC RS A8 | 7-20-15 |
| DESIRE INTERVIEW WITH OR ANSWER FROM/*DESEA ENTREVISTA CON O RESPUESTA DE* | | |
| CPM - Mr. Swain | | |

☐ Interpreter needed for____________ (language).
☐ *Necesito intérprete para*____________ *(idioma).*

**REASON/QUESTION**
***RAZÓN/PREGUNTA***

My visiting appeal awaiting your approval, my wife and I have both written letters to express our need to see one another. I know you are a busy and fair man and I don't mean to try and rush the process, I just want to reitterate the importance of me being able to see my wife. Thank you.
*It has been almost 3 weeks since appeal was accepted.

SIGNATURE/*FIRMA* [signature]

DAYS OFF/*DÍAS LIBRES*

**RESPONSE**
***RESPUESTA***

Been addressed

Kelly Long

| RESPONDER/*PERSONA QUE RESPONDE* | DATE/*FECHA* |
| --- | --- |
| L. Allmendinger for CPM Swain | 7/21/15 |

Distribution: **WHITE/YELLOW**-Responder, **YELLOW**-Return to Offender with Response, **PINK**-Offender keeps
*Distribución:* ***BLANCA/AMARILLA****-Persona que responde,* ***AMARILLA****-Devuelva al interno con respuesta,* ***ROSA****-Interno*

DOC 21-473 E/S (Rev. 05/23/13) 8A-23 DOC 390.585, DOC 450.500

Department of Corrections
WASHINGTON STATE

Exh of B2

**LOG I.D. NUMBER** 15591364

# OFFENDER COMPLAINT

**CHECK ONE:** ☒ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Galloway | Lyndale | Dwight | 888278 | WCC | R5-A8 |

COMMUNITY SUPERVISION: Send completed copies of this form directly to Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I recently got a denial for my wifes, Kelly Long now Kelly Galloway, visitation privelages because of her prior employment by D.O.C as a secretary at CBCC. It's been about 20 months since her employment by D.O.C. I fully cooperated during the P.R.E.A investigation that was held by Candace Palmer Bernae. My wife opted not to participate and resign as her punishment because her father, mother, and other siblings still work there and she wanted to save them the scrutiny. Also because her personal quarrels with investigator Candace Palmer Bernae, her then co-work and associate for 20+ years. Mrs. Bernae's then husband and my now wife were admittedly, in the past, ingaged in adultry. Which has created a conflict of interest and contaminated the integrity of the outcome of the investigation. Steps were/are being taken by Ms. Bernae to ensure my wife does not get approved. I feel I am being retaliated against because of my involvement in the investigation of the complaint. That is a violation of PREA policy.

**SUGGESTED REMEDY:** My suggested remedy would be to re-evaluate the information that was provided to whomever denied my wife and make sure its factually supported by documentation instead of formulated opinions and inferences by a bias party. and reconsider my wife for visitation

Mandatory Signature: [signature] Date: 7-24-2015

| GRIEVANCE COORDINATOR'S RESPONSE | Facility/Office: WCC RE | Date Received: 7/27/15 |
|---|---|---|

Your complaint is being returned because:

- ☒ It is not a grievable issue.
- ☐ You requested to withdraw the complaint.
- ☐ You failed to respond to callout (sheet) on ________________.
- ☐ Administratively Withdrawn ________________.
- ☐ The formal grievance/appeal paperwork is being prepared.

- ☐ The complaint was resolved informally.
- ☐ Additional information and/or rewriting needed. (See below.) Return within 5 working days or by: ____________.
- ☐ No rewrite received ____________.
- ☐ Sent to ____________ (facility) on ____________ (date).

**EXPLANATION:**

Per OGP pg 11, Visit issues, are not grievable. They have their own appeal process, appeal through that process. G. Robbins

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| | [signature] | 7/27/15 |

Department of Corrections WASHINGTON STATE

SEP 10 2015

# SPECIAL VISIT REQUEST

| Offender Name | DOC Number |
|---|---|
| Lyndale Dwight Galloway | 888278 |
| **Living Unit** | **Date** |
| Williams | 9-9-2015 |

**DATE(S) AND TIME(S) OF REQUESTED VISIT(S):**

| DATE | START TIME | END TIME |
|---|---|---|
| 9-26-15 | 10AM- | |
| 9-27-15 | 10AM- | |
| | | |

**INTENDED VISITOR (S):**

| NAME | SS# | DOB | RELATIONSHIP | CITY/STATE |
|---|---|---|---|---|
| Kelly Galloway | | 6-18-79 | Wife | Tumwater, WA |
| | | | | |
| | | | | (303 miles) |
| | | | | |
| | | | | |

Reason for Visit: To share quality family time and growth in our relationship on her days off she's able to visit.

[signature] 888278
Offender Signature DOC Number

File materials, documents, and/or contacts verify accuracy of the above: A. Wilkerson 9/9/15
Counselor Signature & Date

[signature] 9/9/15
CUS Signature & Date

Sgt R. [signature] 7256 Approve
Visit Sergeant Signature & Date

NCIC/WACIC/DISCIS CLEAR? ☐ YES ☐ NO

Employee Signature & Date (for Criminal History Check)

Sgt R. [signature] 7256
Approver Signature

☒ Approved ☐ Denied 9/10/15
Date

Comments:

10 of 23

The contents of this document may be eligible for public disclosure. Social Security numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.

Ø Exibit C2

Department of Corrections WASHINGTON STATE

LOG I.D. NUMBER 15595303

## OFFENDER COMPLAINT

CHECK ONE: ☒ Initial ☐ Emergency ☐ Appeal ☐ Rewrite

**RESIDENTIAL FACILITIES:** Send completed form to the Grievance Coordinator. Explain what happened, when, where, and who was involved or which policy/procedure is being grieved. Be as brief as possible, but include the necessary facts. Use only one complaint form. A formal grievance begins on the date the typed grievance forms are signed by the Coordinator. Contact a Department employee to report an emergency situation or to initiate an emergency complaint. Please attempt to resolve all complaints through the appropriate Department employee(s) before pursuing a grievance.

**NOTE:** Complaints must be filed within 20 working days of the incident. Appeals must be filed within 5 working days of receiving the response. Include log ID # on rewrite or response being appealed.

| Last Name | First | Middle | DOC Number | Facility/Office | Unit/Cell |
|---|---|---|---|---|---|
| Galloway | Lyndale | Dwight | 888278 | WSP | Willows A-219 |

**COMMUNITY SUPERVISION:** Send completed copies of this form directly to: Grievance Program Manager, Offender Grievance Program, Department of Corrections, P.O. Box 41129, Olympia WA 98504-1129.

| MAILING ADDRESS: STREET OR P.O. BOX | CITY, STATE | ZIP CODE | TELEPHONE |
|---|---|---|---|
| | | | |

**COMPLAINT:** I would like to grieve the visiting room sgt for wrongly taking my wife off of my visiting list. I followed all rules concerning visits with my wife and the approval process and per policy I am eligible to recieve visits. And once she was approved there has been no reason to take her off.
My wife Kelly Galloway had an extensive relationship with CBCC I&I Ms. Candace Palmer/Bemo. And our daughter still does, of a personal nature. Which now has lead to the interferance of the visitation process. I will explain when seen about this matter.

**SUGGESTED REMEDY:** Put my wife Kelly Galloway back on my visit list.

Mandatory [signature] Signature — Date 9-17-2015

### GRIEVANCE COORDINATOR'S RESPONSE

Your complaint is being returned because:
- ☒ It is not a grievable issue.
- ☐ You requested to withdraw the complaint.
- ☐ You failed to respond to callout (sheet) on ________.
- ☐ Administratively Withdrawn ________.
- ☐ The formal grievance/appeal paperwork is being prepared.

Facility/Office: WSP — Date Received: 9-23
- ☐ The complaint was resolved informally.
- ☐ Additional information and/or rewriting needed. (See below.) Return within 5 working days or by: ________.
- ☐ No rewrite received ________.
- ☐ Sent to ________ (facility) on ________ (date).

**EXPLANATION:** This isn't grievable, per Page 11 of the Offender Grievance Program manual because your wife can appeal the denial of her visiting privileges. Per Page 9 of the OGP manual, you may not grieve on her behalf because the issue isn't related to any kind of disability.

| Coordinator's Name (print) | Coordinator's Signature | Date |
|---|---|---|
| L. YOUNG | L. Young | 9/23/15 |

Exhbt "D1"

STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41100 • Olympia, Washington 98504-1100

September 24, 2015

Mr. Lyndale Galloway #888278
WSP-MSC-UNW/WB219U
1313 N. 13th Avenue
Walla Walla, WA 99362

Request #: PDU-37487
Subject: Requested Documents

Dear Mr. Galloway:

For PDU-37487, you requested the following records:
1. Any and all investigative reports stemming from the PREA investigation done at CBCC related to staff Kelly Long and Lyndale Galloway #888278 from 01/01/2014 to 02/28/2014.
2. All outcomes and findings of the investigation stemming from the PREA investigation done at CBCC related to staff Kelly Long and Lyndale Galloway #888278 from 01/01/2014 to 02/28/2014.
3. Any notes, statements, and accusations made by any staff, inmates, or volunteers related to the PREA investigation done at CBCC related to staff Kelly Long and Lyndale Galloway #888278 from 01/01/2014 to 02/28/2014.
4. Full disclosure of all paperwork related to the PREA investigation done at CBCC related to staff Kelly Long and Lyndale Galloway #888278 from 01/01/2014 to 02/28/2014. This includes referrals, evidence, phone conversations, and e-mails.
We have located 116 pages responsive to your request.

To receive the 116 pages responsive to your request, please pay the Department's copy fee of $0.20 per page, plus postage. Total copy fees for your request are:

| | | |
|---|---|---|
| Photocopies | $0.20 x 116 pages | $23.20 |
| Postage | | $6.35 |
| | **Total** | **$29.55** |

If you choose not to pursue this public disclosure request within 30 days following the date of this letter, this request will be closed.

Exibit 'D1'

**Receiving copies**
To receive your copies, you must:

- Send a check or money order made payable to the Department of Corrections.
- Write the PDU number of this request (PDU-37487) on the check or money order.
- Send the payment to: Jacqueline Siverts, Public Disclosure Specialist
  Public Disclosure Unit
  Department of Corrections
  PO Box 41118
  Olympia, WA 98504

When I receive payment, I will mail the records to you.

**Mailroom policy guidelines**
Please note that all records sent to incarcerated inmates are subject to Department mailroom policy guidelines. Your payment for copies of records requested under the Public Records Act does not ensure that these same records will be allowed into a secure prison facility (Livingston v. Cedeno, 186 P.3d 1055 [Wash. 2008]).

Should you wish to have records mailed to a third party on your behalf, please provide the name and mailing address along with payment in the amount of $29.55. Otherwise, the responsive records will be sent to your attention.

**Questions**
If you have any questions, please contact me at:

Public Disclosure Unit
PO Box 41118
Olympia, WA 98504

Sincerely,

Jacqueline L. Siverts, Public Disclosure Specialist
Public Disclosure Unit
Department of Corrections

jls:PDU-37487

Department of Corrections WASHINGTON STATE

# INVESTIGATIVE FINDING SHEET

Appointing Authority: R. Haynes

Date: 03/18/2016

Attached you will find the investigative report for case number: 15-14825 (appd: 14-7342

List Staff and/or Offender(s) Involved:

Victim: Galloway, L. 888278 ☐ Unknown

Accused: Kelley (Long) Galloway ☐ Unknown

Please review this report and once you have determined findings, please indicate below, sign the form, and return by email (scan) to the PREA Coordinator.

| PREA ALLEGATION(S) | Finding (Substantiated, Unsubstantiated, Unfounded) |
|---|---|
| **Former DOC Employee K. (Long) Galloway wrote a letter to Asst. Secretary S. Sinclair about the decision to deny her visitation with her now husband I/M Galloway** | **Substantiated** |
| | |
| | |
| | |

| OTHER MISCONDUCT ALLEGATION(S) | Finding (Substantiated, Unsubstantiated, Unfounded) |
|---|---|
| | |
| | |
| | |
| | |

**PREA INVESTIGATIONS ONLY**

**Final Notifications**

☑ Victim was notified in person, in a confidential manner

Date notification made: 3/18/16 By whom: McKinney, D CC-WSP

☐ Victim was notified by letter to last known address, due to release of offender.

☐ Offender suspect was notified by DOC 02-400 Notice of PREA Investigation Findings.

RH [signature]

Appointing Authority Signature

3/18/16

Date

*The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.*

DOC 02-378 (Rev. 11/20/15) DOC 490.860

14 of 23

PDU-41026
000017

STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41100 • Olympia, Washington 98504-1100

March 21, 2016

Lyndale Galloway, DOC # 888278
IMS/MSF15
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA 99362

Mr. Galloway:

Your request for records dated March 7, 2016 was received on March 14, 2016. This request has been assigned public disclosure tracking number PDU-41026. Please reference that number in any future correspondence regarding this request.

You write to request disclosure of the following records:

- A copy of all investigation reports, interviews, statements, findings, recommendations and accusations from PREA case # 15-14825
- A list of all names that were involved to include staff for PREA case # 15-14825
- A copy of all confidential information and any subsequent investigations that started because of PREA case # 15-14825

If my interpretation of this request is incorrect please notify me at the address listed below, otherwise department staff are in the process of identifying and gathering records responsive to your request. You may expect further correspondence regarding the status of PDU-41026 within 45 business days, on or before May 23, 2016.

Sincerely,

Sarah Deede

Sarah Deede, Public Disclosure Specialist
Public Disclosure Unit
Department of Corrections
P.O. Box 41118
Olympia, WA 98504-1118

SD: PDU-41026





recycled paper

STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41100 • Olympia, Washington 98504-1100

May 20, 2016

Ms. Kelly Galloway
[redacted] Southwest Dahlia Lane [redacted]
Tumwater, Washington 98512

Dear Ms. Galloway:

Thank you for your letters requesting that a denial for visiting privileges be overturned so you can visit your husband, Lyndale Galloway, DOC 888278. The PREA investigation is now completed.

Based on the outcome of that investigation and concerns related to your previous work with the Department, the denial for visiting privileges is upheld. Policy 450.300 - Visits for Prison Offenders, specifically states:

*"The employee, contract staff, or volunteer will not be permitted to visit if there is evidence that s/he was involved in any inappropriate behavior with any offender before leaving the Department."*

At this time, you do not meet the policy requirements for visit privileges. You may re-apply for visit privileges **two years** from the date of this letter, which will be on or after May 23, 2018. All avenues of appeal on this matter have been exhausted. Any further inquiries submitted by you or by someone on your behalf received *before* May 23, 2018, will not receive a response.

Sincerely,

Stephen Sinclair, Assistant Secretary
Prisons Division

SS:SR:BDS:eh:DEP29935

cc: Scott Russell, Deputy Director
Daniel White, Superintendent
Annie Williams, Correctional Program Manager
Raymond Ankrum, Visit Sergeant
Todd Saunders, Classification Counselor
Lyndale Galloway, DOC 888278
Offender file





recycled paper

Exhibit G1

| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON/WORK RELEASE** OFFENDER MANUAL | | |
|---|---|---|---|
| | **REVISION DATE** 11/21/15 | **PAGE NUMBER** 2 of 5 | **NUMBER** **DOC 450.050** |
| **POLICY** | TITLE **PROHIBITED CONTACT** | | |

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; WAC 137-48; DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting

**POLICY:**

I. Consistent with legitimate penological objectives and public safety, the Department will restrict incarcerated offender contact in any form (e.g., visits, correspondence, telephone) with specific individuals or classes of individuals.

**DIRECTIVE:**

I. Criteria

A. An offender's contact with specific individuals or classes of individuals will be restricted or prohibited when:

1. His/her Judgment and Sentence prohibits contact with the individual or class of individuals during incarceration or upon release.

2. The individual, or parent/legal guardian if the individual is a minor, has requested in writing that contact be stopped or restricted.

3. There is an active No Contact Order with the individual.

B. An offender's contact with specific individuals or classes of individuals may be denied or restricted for reasons including, but not limited to:

1. The individual participated in a crime of conviction with the offender.

2. A current Pre-Sentence Investigation recommends no contact.

3. The nature of a specific treatment program requires prohibited contact with the individual or class of individuals.

4. The individual or class of individuals has been victimized by the offender.

5. Facility management has reason to believe that allowing contact would conflict with sound correctional practices or legitimate penological objectives.

6. The individual was found to have engaged in staff sexual misconduct against any offender as defined in DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting.

17 of 23

| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON/WORK RELEASE** OFFENDER MANUAL | | |
|---|---|---|---|
| | REVISION DATE 11/21/15 | PAGE NUMBER 3 of 5 | NUMBER **DOC 450.050** |
| **POLICY** | TITLE **PROHIBITED CONTACT** | | |

7. The individual was found to have committed staff sexual harassment against any offender as defined in DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting.

C. An offender may be prohibited from contact with his/her own child(ren) only if the offender's Judgment and Sentence and/or a No Contact Order prohibits contact, or if necessary to protect the child(ren) from any specific and documented threat of harm. Documentation includes, but is not limited to:

1. A written opinion from a mental health professional or Child Protective Services, and

2. Specific verified incidents of harm to the child(ren) resulting from contact with the offender while s/he was incarcerated in a Department facility.

II. No Contact Process

A. Recommendations for no contact that are not a condition of the Judgment and Sentence will be submitted to the Correctional Program Manager (CPM)/ Community Corrections Supervisor (CCS) for approval.

1. The Counselor/Community Corrections Officer will initiate DOC 21-761 Prohibited Contact Review.

2. If the offender is receiving mental health treatment or participating in a sex offender treatment program, the mental health professional will review DOC 21-761 Prohibited Contact Review and provide a written opinion to the CPM/CCS.

3. If contact is prohibited, the CPM/CCS will ensure the DOC 21-761 Prohibited Contact Review is distributed to inform the offender and employees/contract staff.

4. Appropriate records employees will document court ordered prohibited contact information on the Conditions screen in the offender's electronic file, using the No Contact (NC) code.

5. In Prisons, employees/contract staff responsible for documenting offender visiting information will enter prohibited contact information in the Public Access System.

B. Unless the no contact provision was ordered by the court, the offender may appeal the order in writing to the Superintendent/CCS at the facility which

initiated the order or the current facility, stating the circumstances surrounding the provision and why contact privileges should be restored.

C. If the offender is transferred to another facility, reinstatement of contact will not occur until the Superintendent/CCS of both facilities agree.

1. If agreement is not reached, a referral may be made to the appropriate Deputy Director or the Work Release/Residential Program Administrator.

III. Restriction Process for Staff Sexual Misconduct/Harassment

A. Presumptive restrictions for contact between an individual found to have engaged in staff sexual misconduct and any offender, except an offender who is the staff's non-victim family member, are as follows:

1. Substantiated allegations of sexual intercourse, as defined in DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting, will result in:

a. Permanent restriction on visitation, which may be appealed after 3 years.

b. An 18 month restriction on telephone and mail communication, including eMessaging.

2. All other substantiated allegations of staff sexual misconduct will result in a one year restriction on telephone and mail communication, including eMessaging, and a 2 year restriction on visitation.

B. At the time the allegation is substantiated, the Appointing Authority will ensure notification is made to the mailroom, Visiting, and the Intelligence Officer to ensure the restrictions are put in place.

C. With Deputy Director or Work Release/Residential Administrator approval, the Appointing Authority may grant a request for an exception to the presumptive restrictions, but only when extraordinary circumstances support the request and granting the requested exception will not undermine the Department's zero tolerance of all forms of sexual misconduct.

1. Before exception or lifting of restriction will be considered, the offender must submit a signed DOC 21-067 Request for Visitation/Release, confirming s/he is freely participating in communication with the individual.

2. Appointing Authorities will consult with the Deputy Secretary for possible pursuit of a no contact order between the individual and the offender.